IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AAG GLASS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-638-SRF |
| LAMINADOS DE ALLER, S.A. *et al*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER[1]

At Wilmington this **27th** day of **June, 2024**, the court having considered the motions *in limine* filed by defendants Laminados de Aller, S.A., VetroTool S.A., Roberto Puga Garcia, and Manuel Puga Diaz ("Defendants") (D.I. 81, Ex. B), IT IS ORDERED that:

**1. Defendants' motion *in limine* to preclude Plaintiff's claimed damages is DENIED.** Defendants' motion to exclude plaintiff AAG Glass, LLC's ("Plaintiff") lost profits theory of damages is DENIED. Defendants cite no binding authority conclusively establishing that expert testimony is required to prove a lost profits theory of damages. The Delaware Supreme Court has explained that an award of lost profits "presupposes that the plaintiff can prove damages with reasonable certainty," and "[n]o recovery can be had for loss of profits which are determined to be uncertain, contingent, conjectural, or speculative." *See Siga Techs., Inc. v. PharmAthene, Inc.*, 132 A.3d 1108, 1119 & n.59 (Del. 2015); *see also Empire Fin. Servs., Inc. v. Bank of N.Y. (Del.)*, 2007 WL 1991179, at *4 (Del. Super. Ct. June 19, 2007), *aff'd*, 945 A.2d 1167 (Del. 2008) ("It is axiomatic that a claim for lost profits requires evidence of lost

---

[1] On May 10, 2022, the parties consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (D.I. 38)

revenues, minus the costs associated with generating those revenues."). Thus, lost profits may be available if they can be proven with reasonable certainty, regardless of what form that proof may take.

   **2.** At trial, Plaintiff intends to present its Chief Financial Officer to establish its lost profit damages arising from lost contracts due to Laminados' breach of the August 22, 2018 Agreement of Equipment (the "Agreement"). (D.I. 81, Ex. B) If Plaintiff's witness testifies about financial or sales records substantiating the loss of contracts after Laminados' breach, and those documents were maintained in the ordinary course of business and were produced to Defendants in discovery,[2] then the jury should be allowed to weigh that evidence. Cross-examination of the witness will enable the jury to determine whether the evidence lacks empirical substantiation. If Plaintiff's witness performs basic math equations based on these records to establish the lost profits calculus, it is not enough to transform the testimony into expert opinion. *See Halosil Int'l, Inc. v. Eco-Evoluations, Inc.*, C.A. No. 18-1375-RGA, D.I. 126 at 2-3 (D. Del. June 18, 2020). Defendants may object if the testimony of Plaintiff's witness strays into expert territory, and the objection will be sustained if the court agrees that it amounts to expert testimony in the context in which it is offered.

   **3.** Defendants' motion to exclude all evidence of damages beyond those covered by the liquidated damages clause in the Agreement is DENIED without prejudice. There is no dispute that Defendants' position on the liquidated damages clause depends on the validity and enforceability of the clause. *See Unbound Partners L.P. v. Invoy Holdings Inc.*, 251 A.3d 1016,

---

[2] In reply, Defendants argue that Plaintiff's internal documents are "based on the CFO's speculative and biased projections and [lack] empirical substantiation" because "Plaintiff is a new company with no historical profits/earnings." (D.I. 81, Ex. B) Defendants do not suggest that these documents were not produced to them in discovery.

2

1032-33 (Del. Super. Ct. Mar. 17, 2021) ("The inclusion of penalties disguised as liquidated damages provisions presents one such constraint on the freedom of contract."). Delaware courts apply a two-prong test to determine the validity and enforceability of a liquidated damages clause: "(1) the damages are uncertain and (2) the amount agreed upon is reasonable." *W.R. Berkley Corp. v. Niemela*, C.A. No. 17-32-MN, 2019 WL 5457689, at *4 (D. Del. Oct. 24, 2019) (quoting *Del. Bay Surgical Serv., P.C. v. Swier*, 900 A.2d 646, 651 (Del. 2006)). Damages issues are within the province of the factfinder.

4. **Defendants' motion *in limine* to exclude the Guaranty as evidence at trial is DENIED.** Defendants argue that the August 22, 2018 Guaranty signed by Roberto Puga Garcia on behalf of VetroTool S.A. (the "Guaranty") should be excluded from evidence because Garcia did not have the authority to bind VetroTool. But Garcia's authority to bind VetroTool is a disputed issue of fact turning on issues of actual and apparent authority, ratification, and reliance. Specifically, Plaintiff alludes to an established course of dealing that existed among the parties based on a 2014 guaranty executed by Garcia on behalf of VetroTool. Defendants also maintain that the Guaranty is void as to Manuel Puga Diaz because he did not sign the Guaranty, but this is a disputed issue of fact, and the Guaranty appears to contain Diaz's signature on its face. (D.I. 1, Ex. B at 4)

5. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Defendants' motions *in limine* are DENIED.

Sherry R. Fallon
United States Magistrate Judge

3