IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AAG GLASS, LLC,            )<br>                            )<br>       Plaintiff,          )<br>                            )<br>    v.                      )<br>                            )<br>LAMINADOS DE ALLER, S.A. *et al*, )<br>                            )<br>       Defendants.         )   | Civil Action No. 21-638-SRF |

## MEMORANDUM ORDER[1]

At Wilmington this **15th** day of **July, 2024**, the court having considered the motion of defendants Roberto Puga Garcia ("Garcia") and Manuel Puga Diaz ("Diaz") to testify at trial via live video feed pursuant to Federal Rule of Civil Procedure 43(a) (D.I. 93),[2] IT IS ORDERED that the motion is DENIED for the following reasons.

**1. Background.** In the complaint filed on April 30, 2021, plaintiff AAG Glass, LLC ("Plaintiff") disclosed that defendants Garcia and Diaz are citizens and residents of Spain. (D.I. 1 at ¶¶ 10-11) Defendants expect Garcia and Diaz to testify about: (1) the validity and enforceability of the Guaranty; and (2) the amount of damages caused by defendant Laminados de Aller, S.A.'s admitted breach of the Agreement. (D.I. 94 at 1)

**2.** Garcia and Diaz were deposed via Zoom videoconference in the fall of 2022 in connection with this litigation. (D.I. 75, Exs. C, E) In the proposed pretrial order and during the pretrial conference, Defendants indicated their intention to present Garcia and Diaz for live

---

[1] On May 10, 2022, the parties consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (D.I. 38)

[2] The briefing associated with the pending motion is found at D.I. 94 and D.I. 96.

testimony via videoconference at trial because Garcia cannot obtain a visa to appear in-person in the United States, and Diaz has a host of medical conditions that prevent him from traveling. (D.I. 81 at 7 & n.1)

3. In June of 2019, Garcia was arrested and charged with driving under the influence while he was visiting Plaintiff's Ohio facility. As a result of the charges, Garcia's U.S. visa was revoked. (D.I. 94, Ex. D) Plaintiff undertook efforts to restore his visa, but those efforts were unsuccessful. (*Id.*, Ex. E; Ex. F at 271:3-16) The record before the court contains no evidence of any subsequent attempts by Garcia to obtain a U.S. visa.

4. In June of 2024, Garcia was issued a 30-day Iranian visa. (D.I. 94, Ex. C) The record before the court contains no details about Garcia's dates of arrival or departure or the reason for his visit. (*Id.*) Furthermore, there is nothing in the record to explain why obtaining a visa to the United States was not a priority for Garcia despite the need to appear at a trial which was rescheduled multiple times, including at the request of Defendants. (*See, e.g.*, D.I. 68) The current trial date has been set for more than five months. (D.I. 72)

5. Diaz is retired and is 74 years old. (D.I. 94, Ex. H) He represents that he has medical conditions including diabetes, hypertension, chronic prostatitis, and cardiac conditions. (*Id.*) He states that his health conditions make it impossible for him to travel to the United States to testify live at trial. (*Id.*)

6. **Legal standard.** Federal Rule of Civil Procedure 43(a) provides:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Corut provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). "The plain language of Rule 43 establishes that live testimony in open court is a deeply entrenched default that will only be excused when three factors are met—good cause, compelling circumstances, and appropriate safeguards." *J.D. v. Price*, 619 F. Supp. 3d 523, 526 (W.D. Pa. 2022). The Advisory Committee Notes stress that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as an accident or illness, but remains able to testify from a different place." If the movant could reasonably foresee the circumstances forming the basis for the request, that movant "will have special difficulty in showing good cause and the compelling nature of the circumstances." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. The decision whether to grant a Rule 43 motion to allow live trial testimony by video is within the discretion of the court. *See Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020).

7. **Analysis.** Defendants have not shown good cause or compelling circumstances to support their application for trial testimony by live video feed. The comments to Rule 43(a) emphasize that the requested relief is generally only justified in cases where the witnesses' inability to attend trial in person occurs for an unexpected reason or results from an unforeseen need. Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. But Defendants have not established that either Diaz's health conditions or Garcia's visa issues were unexpected or unforeseen.

8. Defendants have been aware of Garcia's visa revocation since 2019, before this case began. (D.I. 94, Ex. E) More than five years has passed since his visa was revoked. (*Id.*, Ex. D) Yet there is no indication that Garcia has since attempted to obtain a U.S. visa that would allow him to testify at trial. *See Maslic v. ISM Vuzem d.o.o.*, 2024 WL 3279524, at *2 (N.D. Cal. June

3

14, 2024) (denying Rule 43 motion based on revocation of witness's visa where there was no representation that the witness attempted to obtain a visa that would allow him to testify at trial or that he lacked the means to seek a visa).

**9.** Defendants also cite Garcia's more recent travels to Iran as a reason he cannot travel to the United States to testify at trial. Although Defendants include a copy of Garcia's visa, dated June 8, 2024, nothing in the record before the court confirms the exact dates of his travel or a compelling reason for his travel to Iran. (D.I. 94, Ex. C) At the time Garcia obtained the Iranian visa, he was aware of the July 22 trial date in this matter. (D.I. 78) Thus, any consequences of his Iranian travel on his ability to testify at trial in the instant case were neither unexpected nor unforeseen. Moreover, the exhibits regarding Garcia's Iranian visa, unaccompanied by any declaration, require the court to presume without proper supporting authority that Garcia is restricted from traveling to the United States. (D.I. 94, Ex. A-C)

**10.** The record pertaining to Diaz's health conditions is also insufficient to satisfy the requisite standard. "In appropriate circumstances, a witness's health issues may satisfy the good cause standard under Rule 43," but such circumstances usually entail an unexpected medical procedure or documentation of the effects of the medical conditions and how long those effects might last. *Maslic*, 2024 WL 3279524, at *1 (citing *Wilson v. U.S.*, 2023 WL 2795866, at *2 (D. Nev. Apr. 5, 2023)).

**11.** The list of conditions and medications cited by Diaz in his statement do not definitively establish an inability to testify in person at trial. *See Freeman v. Jacobson*, 2022 WL 2657170, at *1 (S.D.N.Y. July 8, 2022) (denying Rule 43(a) motion where the witness's medical condition was not substantiated with sworn affidavits or medical documentation establishing that the medical condition inhibited the witness's ability to travel); *Radosti v. Hudson's Bay Co.*,

2022 WL 2119299, at *2 (S.D.N.Y. May 4, 2022) (same). Instead, he identifies symptoms that would make travel inconvenient and expresses concern about what would happen if a medical emergency occurred during his flight. (D.I. 94, Ex. H) The attached documentation lists medications and medical conditions, and it includes confirmations of lab and medical appointments.[3] (*Id.*) But the record lacks any documentation from a medical professional restricting Diaz from traveling.

12. Moreover, the translation of Diaz's statement is not certified, and the exhibits attached to his statement are not translated. (D.I. 94, Ex. H) "[F]oreign-language documents . . . cannot be reviewed or relied on by the Court, even if otherwise properly authenticated in the declaration to which they are attached, unless they are accompanied by certified translations into English." *Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 709 (S.D.N.Y. 2016).

13. Having determined that Defendants have failed to show good cause or compelling circumstances justifying the testimony of Garcia and Diaz in open court by contemporaneous transmission from a different location, the court need not address the sufficiency of Defendants' proposed safeguards.

14. Because Garcia and Diaz have both been deposed in this matter, denial of Defendants' motion under Rule 43(a) does not foreclose the introduction of their testimony at trial under Rule 32(a)(4). *Radosti*, 2022 WL 2119299, at *3; *see Smith v. Haag*, 2015 WL 866893, at *10 (W.D.N.Y. Mar. 2, 2015). The parties are instructed to meet and confer on the use of any recorded depositions at trial, and shall inform the court of any disputes on or before **July 17, 2024**.

---

[3] Exhibits that include medical records should not be filed on the docket unless those exhibits are filed under seal.

**15. Conclusion.** For the foregoing reasons, IT IS ORDERED that Defendants' motion for Garcia and Diaz to testify at trial live via video feed is DENIED.

Sherry R. Fallon
United States Magistrate Judge