IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AAG GLASS, LLC, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   Civil Action No. 21-638-SRF |
| LAMINADOS DE ALLER, S.A. *et al*, | ) ) |
|       Defendants. | ) ) |

**MEMORANDUM ORDER**[1]

At Wilmington this **29th** day of **January, 2025**, the court having considered the motion of plaintiff AAG Glass, LLC ("AAG") to enforce the final settlement agreement against defendant Manuel Puga Diaz ("Diaz") (D.I. 119),[2] and the parties' arguments on the motion during the virtual motion hearing on January 29, 2025, IT IS ORDERED that the motion is DENIED for the following reasons:

    1.    **Background.** On April 30, 2021, AAG initiated this civil action against defendants Laminados de Aller, S.A. ("Laminados"); VetroTool, S.A. ("VetroTool"), Roberto Puga Garcia ("Garcia"), and Diaz (collectively, "Defendants"). (D.I. 1) The complaint asserts causes of action for breach of contract, unjust enrichment, and promissory estoppel against Laminados based on allegations that Laminados failed to manufacture, deliver, and commission a turnkey system for manufacturing automotive windshield glass under the terms of an agreement (the "Agreement") executed on August 22, 2018. (*Id.* at ¶¶ 2, 24-39) The complaint further alleges that VetroTool, Garcia, and Diaz (collectively, the "Guarantors") are liable for

---

[1] On May 10, 2022, the parties consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (D.I. 38)

[2] No opposition or other briefing was filed in response to the pending motion by Diaz or any other defendant. Although the motion to enforce the settlement agreement is unopposed, the court addresses the motion on the merits as to Diaz.

Laminados' breach pursuant to a guaranty agreement (the "Guaranty") signed on the same date as the Agreement. (*Id.* at ¶¶ 6, 40-44)

2. The case was scheduled for a five-day jury trial set to begin on July 22, 2024. (D.I. 72) On July 18, 2024, the parties reached an agreement in principle to settle the case. (D.I. 119, Ex. 1 at ¶ 4) Under the agreement in principle, Defendants agreed to pay AAG $600,000.00 over the course of three years in exchange for the dismissal of this case after the second of six installment payments on December 15, 2024, as well as the dismissal of an action for prejudgment attachment brought in Indiana against Lippert Components Manufacturing, Inc. (the "Indiana Action"). (*Id.*, Ex. 1 at ¶¶ 5-7) If Defendants defaulted on the payments, the agreement in principle provided for a judgment against each Defendant, jointly and severally, in the amount of $1 million plus costs and attorneys' fees. (*Id.* at ¶ 5)

3. In reliance on the agreement in principle, AAG dismissed the Indiana Action on July 19, 2024, which allowed Lippert to release a $750,000 payment to VetroTool. (*Id.*, Ex. 1 at ¶¶ 7-8) VetroTool agreed that this payment would be held to satisfy Defendants' obligations under the Agreement in the instant action. (*Id.*)

4. The parties continued to negotiate the final form of the settlement agreement, deciding that an agreed judgment and a stipulated notice of dismissal would be entered which would allow the court to maintain jurisdiction over the agreed judgment. (*Id.*, Ex. 1 at ¶ 9) Before the settlement agreement was finalized, Diaz suffered a medical emergency and lacked the capacity to execute the settlement agreement for several months. (*Id.*, Ex. 1 at ¶ 10) Garcia, Laminados, and VetroTool agreed to the final form of the settlement agreement, agreed

judgment entry, and notice of dismissal on September 30, 2024 and executed the documents on October 25, 2024. (*Id.*, Ex. 1 at ¶¶ 11-13)

      5.      In a letter dated November 5, 2024, Defendants' counsel represented to the court that Diaz agreed to the terms of the original settlement of principle, but because AAG altered the terms of the agreement in principle and Diaz suffered a stroke in the intervening period, Diaz "never agreed to sign the current version of the Settlement Agreement." (D.I. 116 at 1) Defendants' counsel stated that they "had no authority from [Diaz] to agree to the latest settlement terms[,]" which were "markedly different than the original settlement terms." (*Id.* at 2) Defendants' counsel indicated they were "working to obtain [Diaz's] agreement to the new settlement terms. However, since the settlement terms are different, there is no guarantee that Mr. Diaz will agree to them." (*Id.* at 3)

      6.      During a status teleconference held on November 8, 2024, Defendants' counsel informed the court that they had reestablished contact with Diaz, but he refused to sign the settlement agreement due to an unspecified dispute with Garcia. (D.I. 119, Ex. 1 at ¶¶ 14-15) On November 19, 2024, AAG informed Defendants' counsel of its intent to proceed with a motion to enforce the settlement agreement solely against Diaz. (*Id.*, Ex. 1 at ¶ 15) Diaz terminated counsel's representation after learning of AAG's intent to file the motion to enforce the settlement agreement. (*Id.*, Ex. 1 at ¶ 16)

      7.      AAG filed the pending motion to enforce the settlement agreement against Diaz on December 2, 2024. (D.I. 119) The settlement agreement attached to the motion contains a provision acknowledging that, as of August 28, 2024, Diaz was unable to execute the final settlement agreement due to health complications. (D.I. 119-1, Ex. B at § 9(j)) Consequently,

the final settlement agreement provides that "the Effective Date of this Agreement shall commence upon execution by all parties save for Diaz, and that Diaz shall sign as soon as possible following his recovery." (*Id.*) The proposed order accompanying the motion to enforce also seeks the entry of an agreed final judgment as to all Defendants, including Diaz. (D.I. 119-2; D.I. 119-1, Ex. B)

8. **Legal standard.** A district court has jurisdiction to enforce a settlement agreement in a case pending before it. *See Hobbs & Co. v. Am. Inv'rs Mgmt., Inc.*, 576 F.2d 29, 33 & n.7 (3d Cir. 1978); *Leonard v. Univ. of Del.*, 204 F. Supp. 2d 784, 786 (D. Del. 2002). Principles of contract law govern the enforcement of settlement agreements. *See Jacob's Limousine Transportation, Inc. v. City of Newark*, 688 F. App'x 150, 151 (3d Cir. 2017); *Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.*, 589 F. Supp. 2d 457, 461 (D. Del. 2008). If the court determines that the nonmovant breached a duty created by a binding agreement and the breach caused the movant to suffer damages, the court must grant the motion to enforce. *See id.* (citing *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013)). The moving party bears the burden of proving by a preponderance of the evidence that the nonmoving party breached a duty under the terms of the settlement agreement. *Jacob's Limousine*, 688 F. App'x at 153 n.2.

9. **Analysis.** AAG argues that Diaz's agreement to the settlement in principle in July of 2024 is sufficient to render the final settlement agreement binding against him because the settlement in principle contained all the material terms required to consummate the final settlement agreement executed by the other Defendants in October of 2024. (D.I. 119 at 5) Specifically, AAG indicates that the settlement amounts, payment schedule, timing of dismissal,

and mutual promises did not change in the final settlement agreement. (*Id.*) But AAG cites no authority supporting its position that a settlement in principle can be binding on a party who did not participate in ongoing negotiations and refuses to execute the final settlement agreement.

10. The settlement in principle exchanged among the parties in July of 2024 was not a binding agreement. The parties' communications in July of 2024 consistently refer to an "agreement in principle," a term that "has been recognized as denoting something less than a binding agreement." (D.I. 119, Ex. 1 at Ex. A); *CaramelCrisp LLC v. Putnam*, 2020 WL 4912986, at *3 (N.D. Ill. Aug. 11, 2020); *see also Magnacross LLC v. OKI Data Ams., Inc.*, 2022 WL 992595, at *8 (N.D. Tex. Mar. 31, 2022) (holding that use of the phrase "agreement in principle" and continued negotiations over terms confirmed that no binding settlement agreement was reached). The court's July 19 Oral Order cancelling the jury trial directed the parties to "submit a joint status report regarding the status of completion of the settlement if the case has not been dismissed on or before August 19, 2024[.]" (D.I. 103) The court's language providing the parties with a month to work on finalizing the settlement agreement before submitting a status update, with no deadline for dismissing the case, confirms that the settlement agreement had not yet been finalized. Thus, Diaz is not bound by the terms of the agreement in principle.

11. AAG's focus on the limited nature of the changes made to the final settlement agreement does not alter the analysis. AAG represents that "[t]he agreement in principle contained all the material terms required to consummate the settlement," (D.I. 119 at 5), whereas Defendants indicated that the August 28, 2024 settlement proposal contained terms that "differed materially from the July 18th settlement that was agree[d] upon in principle," (D.I. 116 at 2). At oral argument, AAG acknowledged that the form of proposed judgment had changed from a

"confession of judgment," which Diaz approved before his medical emergency, to an agreed entry of final judgment, which Diaz did not review or approve. (1/29/2025 Tr.; D.I. 119-1 at ¶ 9; Ex. A at 6 & ¶ 3) Moreover, the final settlement agreement includes a carveout for Diaz providing that "the Effective Date of this Agreement shall commence upon execution by all parties save for Diaz, and that Diaz shall sign as soon as possible following his recovery." (D.I. 119-1, Ex. B at ¶ 9(j)) By including the carveout, the parties acknowledged that the final settlement agreement cannot be enforced as to Diaz until he executes it.

12. There is no dispute that "Mr. Diaz never agreed to sign the current version of the Settlement Agreement[,]" and Defendants' counsel repeatedly expressed uncertainty about whether Diaz would agree to the revised terms. (D.I. 116 at 1, 3; D.I. 109 at 2) At the hearing, AAG argued that Diaz attributed his refusal to execute the final settlement agreement to a family dispute and abandoned the position that changes in the terms of the agreement led him to withhold consent. (1/29/2025 Tr.) Regardless, the record before the court suggests that Diaz's medical emergency prevented him from participating in continued negotiations on the settlement terms or offering input on the proposed revisions. (*See, e.g.*, D.I. 116) An objective negotiator could not reasonably conclude that Diaz is bound by the final settlement agreement when he had no opportunity to negotiate its terms. *See LG Elecs., Inc. v. ASKO Appliances, Inc.*, C.A. No. 08-828-RGA, 2012 WL 2365901, at *4 (D. Del. June 21, 2012).

13. **Conclusion.** For the foregoing reasons, AAG's motion to enforce the settlement agreement against Diaz is DENIED. (D.I. 119) IT IS FURTHER ORDERED that the parties shall submit a joint status report on or before **March 17, 2025** that includes the following: (1) whether Defendants other than Diaz may be terminated from the case; (2) what remains to be

litigated in the case regarding Diaz; and (3) a proposed amended scheduling order or other proposed form of order designed to bring closure to the case.

/s/ Sherry R. Fallon
Sherry R. Fallon
United States Magistrate Judge