IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AAG GLASS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-638-SRF |
| LAMINADOS DE ALLER, S.A. *et al*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this **29th** day of **January, 2025**, the court having considered the unopposed amended motion for leave to withdraw as counsel, filed by Andrea S. Brooks and David E. Wilks of the law firm Wilks Law LLC (the "Moving Parties") (D.I. 122),[1] and having heard argument on the pending motion on January 29, 2025, IT IS ORDERED that the motion for leave to withdraw as counsel to defendants Laminados De Aller, S.A. ("Laminados"); VetroTool S.A. ("VetroTool"); Roberto Puga Garcia ("Garcia"); and Manuel Puga Diaz ("Diaz;" collectively, "Defendants") is GRANTED for the following reasons.

1. **Background.** On April 30, 2021, AAG initiated this civil action against Defendants. (D.I. 1) Defendants' original counsel filed a motion to withdraw from the case in March of 2023 and, after a hearing on the motion, the court entered an order granting the motion to withdraw on May 9, 2023. (D.I. 48; D.I. 53) Defendants retained the Moving Parties as counsel in July of 2023. (D.I. 56; D.I. 58) On August 9, 2023, the court granted the motion for admission *pro hac vice* of Paul G. Finizio of The Finizio Law Group as counsel for Defendants. (D.I. 61)

---

[1] The filings associated with the pending motion to withdraw as counsel are found at D.I. 120, D.I. 121, and D.I. 124.

2. The parties reached a settlement in principle on July 18, 2024 and jointly requested that the court cancel the jury trial scheduled to go forward later that month. (D.I. 102) Since that time, the Moving Parties represent that they have attempted to contact Defendants on more than twenty occasions to finalize the settlement agreement, but Defendants were largely unresponsive. (D.I. 122 at 2) Garcia returned a signed version of the most recent settlement agreement, executed by all Defendants except Diaz, on October 24, 2024. (*Id.* at 3)

3. On October 31, 2024, the Moving Parties met telephonically with Garcia and Garcia's Spanish counsel, and they contacted Diaz via email. (*Id.*) Garcia disclosed that Diaz had sufficiently recovered from a medical emergency, but he was not on speaking terms with Diaz. (*Id.*) In subsequent communications with Diaz, Diaz indicated his unwillingness to execute the settlement agreement and directed the Moving Parties to withdraw from their representation of him in this action. (*Id.* at 4-5; D.I. 120, Ex. B)

4. The Moving Parties represent that Defendants have not communicated with them since November 21, 2024, when the Moving Parties indicated their intention to withdraw from the representation. (D.I. 121 at ¶ 3; D.I. 120, Exs. A-B) The Moving Parties also state Defendants have made no payment to the Moving Parties for more than three months and are over $100,000 in arrears. (D.I. 122 at 5)

5. The Moving Parties submitted with their motion a letter dated December 5, 2024 formally informing Defendants of their intent to withdraw from the representation attaching a copy of the motion to withdraw. (D.I. 121, Ex. A) They also included confirmation of service on each Defendant by Federal Express International Priority and email. (*Id.*, Exs. B-C)

6. **Legal standard.** In the Third Circuit, "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal." Instead, the decision to grant a

motion to withdraw is within the court's discretion. *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). Counsel may prevail on a motion to withdraw by "demonstrat[ing] to the satisfaction of the district court that [counsel's] appearance serves no meaningful purpose." *LabMD Inc. v. Boback*, 47 F.4th 164, 190 (3d Cir. 2022) (internal citations and quotation marks omitted). A withdrawing firm serves no meaningful purpose when "efforts to communicate with [the client] through the Firm are futile." *Ohntrup*, 760 F.3d at 295. "[I]t would be an abuse of discretion to deny [a] motion to withdraw" when the withdrawing firm serves no meaningful purpose. *Id.*

7. The law is well-established that a corporate defendant may appear in federal courts only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966). However, there is no requirement that counsel must not withdraw until a corporate client has retained substitute counsel. *See Ohntrup*, 760 F.3d at 295. The failure of a corporate defendant to retain licensed counsel within the time frame ordered by the court may result in the entry of default in appearance and/or default judgment under Federal Rule of Civil Procedure 55. *See Endobotics, LLC v. Medrobotics Corp.*, C.A. No. 19-381-CFC, 2020 WL 7042892, at *1-2 (D. Del. Dec. 1, 2020).

8. **Analysis.** In support of their motion to withdraw, the Moving Parties cite Model Rules 1.16(b)(5) and 1.16(b)(7) of the American Bar Association's Model Rules of Professional Conduct, which provide that a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," and "other good cause for withdrawal exists," respectively. (D.I. 122 at 5-6) The Moving Parties

have satisfied the standard for withdrawing as counsel in the instant case, citing not only the nonpayment of more than $100,000 in fees, but also the futility of their efforts to communicate with Defendants. (*Id.* at 6-7) They describe how they have contacted Defendants on at least twenty occasions since July 18, 2024, but they were mostly met with unresponsiveness. (*Id.* at 2) The Moving Parties attempted to explain Defendants' legal obligations regarding the settlement agreement, but Diaz nonetheless refused to sign the settlement agreement and directed the termination of the Moving Parties' representation. (*Id.* at 4-5, 7) The record supports the Moving Parties' position that continued representation of Defendants would serve no meaningful purpose. *Ohntrup*, 760 F.3d at 295.

9. **Conclusion.** For the foregoing reasons, IT IS ORDERED that the motion for leave to withdraw as counsel for Defendants (D.I. 122) is GRANTED pursuant to D. Del. LR 83.7 as follows:

> (i) The Moving Parties, the law firm of Wilks Law, LLC, and *pro hac vice* counsel Paul G. Finizio of The Finizio Law Group are hereby WITHDRAWN as counsel of record for Defendants and are relieved of all further obligations on behalf of Defendants.
>
> (ii) Laminados and VetroTool shall have **forty-five (45) days** from the date of this Memorandum Order to retain new counsel, which shall enter its appearance on or before **March 17, 2025**. The failure of Laminados and VetroTool to retain new counsel in accordance with this Memorandum Order shall be considered a failure to defend and may result in the entry of default against them because a corporate defendant cannot represent itself. *See Ohntrup*, 760 F.3d at 295. Upon entry of a default in appearance, the court

will determine whether judgment (and in what amount) shall be entered against the defaulted parties.

(iii) Individual defendants Garcia and Diaz shall have **forty-five (45) days** from the date of this Memorandum Order, on or before **March 17, 2025**, to retain new counsel or notify the court if one or both of them intend(s) to proceed as a *pro se* litigant.

(iv) On or before **February 5, 2025**, the Moving Parties shall provide Plaintiff's counsel with the last known addresses for each Defendant based on the most current information in the Moving Parties' possession.

(v) The Moving Parties shall serve a copy of this Memorandum Order on Defendants via Federal Express and electronic mail.

_____
Sherry R. Fallon
United States Magistrate Judge

5